**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CLINTON RICHARDSON, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| **ATLAS BUILDERS LLC, ALEXANDER ALEXANDROV and MIKHAIL A. YUSIM, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff Clinton Richardson (the "Plaintiff"), individually and on behalf of all others similarly situated, as class and collective representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former laborer and foreman at Defendants' construction management company based in New York, NY. For his work, at all times relevant, Plaintiff was paid the same

hourly wage for all hours worked such that he did not receive overtime premiums for hours worked over forty (40) each week.

2.     Additionally, Defendants failed to provide Plaintiff with a wage notice annually or when his wage rate(s) changed, or wage statements along with his weekly wage payments.

3.     Plaintiff brings this action to recover unpaid overtime premiums owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

4.     Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rules of Civil Procedure 23 class of all laborers, foreman and other construction employees who worked for Defendants during the six (6)-year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants' business is located in this district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

## **THE PARTIES**

**Plaintiff:**

8.    <u>Plaintiff Clinton Richardson </u>("Richardson") was, at all relevant times, an adult individual residing in Brooklyn, Kings County, New York.

9.    Throughout the relevant time period, Plaintiff performed work for Defendants at several of Defendants' construction projects throughout the New York City area, including in New York County.

10.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

11.    Defendant Atlas Builders LLC d/b/a "The Atlas Builders" ("Atlas Builders" or the "Corporate Defendant") is an active New York corporation with its principal place of business at 15 W. 36th Street, Penthouse, New York, NY 10018 and a New York State Department of State Process Address of 487 St. John's Place, 3A, Brooklyn, NY 11238.

12.    Defendants Alexander Alexandrov ("Alexandrov") and Mikhail A. Yusim ("Yusim" and, together with "Alexandrov", the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") are co-founders, owners, and operators of the Corporate Defendant.

13.    Upon information and belief, the Individual Defendants maintain operational control over and manage the Corporate Defendant by supervising and determining the wages and compensation of employees, determining the company's policies with respect to payroll,

3

establishing employees' work schedules, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

14.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees, and are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

15.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

16.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

17.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

18.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since July 23, 2017 and through the entry of judgment in this case (the "Collective Action Period") who worked as laborers, foreman and/or construction employees for Atlas Builders LLC (the "Collective Action Members").

4

20.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of this policy, Plaintiff and the Collective Action Members did not receive overtime premium payments for all hours worked in excess of forty (40) hours per week.

21.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

22.     Pursuant to the NYLL, Plaintiff brings his Second through Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants in New York at any time since July 23, 2014 and through the entry of judgment in this case (the "Class Period") who worked as laborers, foreman and/or other construction employees for Atlas Builders LLC (the "Class Members").

23.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

24.     The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25.     Upon information and belief, there are well in excess of forty (40) Class Members.

26.     Common questions of law and fact exist as to all Class Members and predominate

5

over any questions solely affecting the individual members of the Class.  Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

d. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

e. whether Defendants failed to provide proper wage notice to Plaintiff and the Class Members at the beginning of their employment and/or on February 1 of each year and/or when their wage rate changed, as required by the NYLL;

f. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

27.    Plaintiff's claims are typical of the Class Members' claims.  Plaintiff, like all Class Members, was an hourly construction employee of Defendants who worked for Defendants pursuant to their corporate policies.  Plaintiff, like all Class Members, was, inter alia, not paid

overtime premium pay for hours worked over forty (40) hours in a given workweek and did not

receive proper wage statements or wage notices. If Defendants are liable to Plaintiff for the claims

enumerated in this Complaint, they are also liable to all Class Members.

28.    <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are

no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a

desire to help all Class Members, not merely out of a desire to recover his own damages.

29.    Plaintiff's counsel are experienced class action litigators who are well-prepared to

represent the interests of the Class Members.

30.    <u>A class action is superior to other available methods for the fair and efficient</u>

<u>adjudication of this litigation</u>.

31.    Defendants are sophisticated parties with substantial resources. The individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against

corporate defendants.  The individual members of the Class have no interest or capacity to bring

separate actions; Plaintiff is unaware of any other litigation concerning this controversy; and there

are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Business**

32.    Atlas Builders LLC is a general construction and real estate development company

that handles high-end commercial and residential projects for "nonprofit institutions, hotel owners,

affordable housing developers, condo developers, and restaurant and retail tenants", throughout

the New York City area. Since in or around 2015, the company has been involved with "ground

up construction and concrete operational" projects in the affordable housing sector, in addition to

performing restoration, demolition, masonry, and carpentry services. (http://theatlasbuilders.com/about-us/).

33.     Atlas Builders LLC was co-founded by the Individual Defendants, who directly handle the day-to-day operations of the company, including its business and real estate development, project management, staff supervision, and site safety operations. *Id*.

34.     Atlas Builders LLC is an active corporation registered with the New York State Department of State, Division of Corporations on December 5, 2012.

35.     Upon information and belief, the Individual Defendants are the owners and operators of Atlas Builders LLC.

36.     Upon information and belief, the Individual Defendants take an active role in the management, operation, and supervision of the Corporate Defendant's course of business, including the upkeep and maintenance of the properties serviced by the Corporate Defendant, by hiring and firing employees for their residential and commercial real estate projects.

37.     Upon information and belief, at all times relevant, the Individual Defendants have held the power and authority to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

38.     Plaintiff Richardson was employed by Defendants from in or around 2014 through approximately September 13, 2018 (the "Richardson Employment Period").

39.     Plaintiff Richardson was initially employed by Defendants as a laborer but was later offered the position of foreman by Individual Defendant Alexandrov. Throughout his employment, Plaintiff's general duties consisted of, but were not limited to, wall demolition, clearing and

removing debris, bricks, cinderblocks and sheetrock, collecting and disposing of garbage and/or materials required for each construction project, and supervising curbside deliveries. During his employment, Plaintiff was also trained by his supervisor in the position of crane forklift operator, even though he was not certified for the position nor required to obtain certification.

40.     Plaintiff Richardson worked at several of Defendants' project sites in Brooklyn and Manhattan. Although Plaintiff does not recall all projects to which he was assigned, he remembers having worked at certain projects including the "Pig Beach Project"; an affordable housing assisted living facility in Coney Island for mentally disabled patients in or around 2016; a residential construction project in Harlem; a facility for individuals dealing with substance abuse, a project that involved renovations for a Williams Sonoma flagship store; a renovation that involved the construction of a French food restaurant, among others.

41.     Throughout the Richardson Employment Period, Plaintiff typically worked Monday through Friday from approximately 7:00 a.m. to 3:00 p.m. and sometimes as late as 7:00 p.m., and at specific projects, he was also required to work on Saturdays and Sundays from approximately 7:00 a.m. to approximately 3:00 p.m., for an overall total of between forty (40) and fifty-four (54) hours per week. For the portion of his employment at the facility for mentally disabled patients in Coney Island and at the project site in Harlem, Plaintiff Richardson recalls having worked up to seven (7) days per week and sometimes up to twelve (12) hour shifts per day, for a total of approximately eighty-four (84) hours per week.

42.     For his work, Plaintiff Richardson received a flat hourly rate for all hours worked, including those in excess of forty (40) hours. Plaintiff's hourly rate increased periodically throughout his employment from approximately seventeen dollars and fifty cents ($17.50) up to

approximately twenty dollars ($20.00) per hour.    For certain workweeks, when Plaintiff

Richardson received additional compensation for hours worked in excess of forty (40) hours per

week, his paystub sometimes listed a "bonus" payment amount, which was calculated at Plaintiff's

regular straight-time hourly rate.

43.    Throughout his employment, Plaintiff typically received his wages by corporate

check, along with a paystub.

44.    At no point throughout Plaintiff Richardson's employment, did Defendants

maintain a timeclock system that properly recorded his total hours worked. Plaintiff Richardson

was required to arrive at the "yard" and/or project site fifteen (15) minutes prior to the start of his

shift, but any such early arrival time was not compensated in his wages. Plaintiff Richardson recalls

that laborers and other employees would constantly complain amongst each other about issues

with their individual paychecks, about being "shortchanged from their pay" due to unrecorded

hours, and that any payroll issues were referred to a female employee at the company's main office

but did not result in the pay being corrected.

**Defendants' Unlawful Corporate Policies**

45.    Plaintiff and the Class Members were all paid pursuant to the same corporate

policies of Defendants, including failing to pay the legally required overtime premiums.

46.    Defendants have not provided Plaintiff or Class Members with proper statement of

wages containing the dates of work covered by their wage payments; name of employee; name of

employer; address and phone number of employer; rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or

rates of pay and overtime rate or rates of pay if applicable; the complete and total number of hours

worked, including overtime hours worked if applicable; deductions; and net wages.

47.     Defendants have not provided Plaintiff or Class Members with proper wage notices at the time of hire, annually by February 1 of each year, or when their wage rate changed.

48.     Upon information and belief, such individuals were not paid one and one-half (1.5) times their regular rate when working in excess of forty (40) hours per week.  Additionally, such individuals were not provided with proper wage statements with their wage payments and were not provided wage notices at hiring, by February 1 of each year, and/or when their wage rate changed.

49.     Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Collective Action Members)

50.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51.     By failing to pay Plaintiff overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

54.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

56.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiff and the Class Members)**

57.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each

and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.    Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

60.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though

fully set forth herein.

61.    Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

62.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      Fifty dollars ($50) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

i.    Two hundred and fifty dollars ($250) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

j.    An award of prejudgment and post-judgment interest;

k.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.    Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       July 23, 2020

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton
Pelton @PeltonGraham.com
Taylor B. Graham
Graham@PeltonGraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative
FLSA Collective and Class*

16

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Atlas Builders LLC and/or its owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

Clinton Richardson     Clinton Richardson
_____        _____
Signature                Printed Name