UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINTON RICHARDSON, *individually and on behalf of others similarly situated*,

                Plaintiff,

– against –

ATLAS BUILDERS LLC, ALEXANDER ALEXANDROV, *and* MIKHAIL A. YUSIM, *jointly and severally*,

                Defendants.

**ORDER**

20 Civ. 5756 (ER)

RAMOS, D.J.:

      Clinton Richardson brought this action in July 2020 against the defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and wage statement requirements under the NYLL. Compl., Doc. 1. Pending before the Court is the parties' application for court approval of their Settlement Agreement. Doc. 12. Because Richardson has not provided sufficient proof regarding his calculation of damages, the Court denies the application without prejudice.

## I.    APPLICABLE LAW

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining

between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. SETTLEMENT AMOUNT

The proposed settlement among the parties provides for a total recovery of $30,000.  Doc. 12 ex. 1 ("Agreement") § 1.  In support of that amount, Richardson claims he typically worked between 40 and 54 hours per week.  Doc. 12 at 2.  And he claims that for one particular project he worked approximately 84 hours per week.  *Id.*  Despite working over 40 hours per week, Richardson alleges that he was always paid a flat hourly rate, with a "bonus" payment equivalent to his regular rate for some weeks in which he worked more than 40 hours.  *Id.*  Furthermore, he claims that his paystub would often be missing hours worked.  *Id.* at 2–3.  In response, the defendants have produced a W-4 Employee Withholding Form, which indicates that Richardson started working for the defendants in November 2016, rather than 2014 as alleged in the complaint.  *Id.* at 2; Compl. ¶ 38.

Accepting the November 2016 start date as true for the purposes of settlement, Richardson's counsel calculated damages between November 2016 and September 2018.  In his application, counsel writes:

> Plaintiff's final damages analysis resulted in a total of approximately $6,405.00 in "actual" unpaid wage damages.  In total, Plaintiff's calculated a damages sum of $24,505.39, which includes Plaintiff's damages for unpaid overtime, wage notice and wage statement violations, as well as liquidated damages under the FLSA and NYLL, and statutory interest on his NYLL claims at 9% per annum.

Doc. 12 at 3.

While these calculations may be correct, the Court "require[s] *some* evidence — *e.g.,* declarations, affidavits or exhibits — to evaluate the settlement." *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3 (S.D.N.Y. Apr. 27, 2015) (emphasis added). Although the parties make representations regarding Richardson's wage and the number of hours Richardson worked in a typical week, they do not provide any proof regarding how they arrived at the damages calculation from that data. Furthermore, it is unclear whether the $6,405 in "actual unpaid wage damages" is included or in addition to the $24,505.39 "damages sum." Without some proof of the parties' calculations, the Court cannot find that the range of the plaintiffs' recovery is reasonable. *See Garcia*, 2015 WL 2359502, at *3 (rejecting settlement for failing to include proof of range of recovery); *cf. Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action because plaintiff's "attorney had created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages."). For this reason, the Court will reject without prejudice the parties' application.

## III. ATTORNEYS' FEES

If the parties ultimately show the settlement amount is reasonable, however, the Court would find that the attorneys' fees are reasonable as well. The parties indicate that of the $30,000 settlement, Richardson would receive $19,042.56 and his attorney, the firm of Pelton Graham LLC, would receive $10,957.44, of which $1,436.30 would be costs and $9,521.14 would be fees. Doc. 12 at 3. Net of costs, Richardson would receive two-thirds of the settlement amount.[1]

"[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement *net of costs*." *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (emphasis added).

the reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Here, Richardson has submitted the billing records for two of his attorneys, Brent E. Pelton, a partner who bills at $450 per hour, and partner Taylor B. Graham, who bills at $350 per hour, as well as those of Katherine Menjivar, a paralegal who bills at $175 per hour. *See* Doc. 12 ex. B at ¶¶ 6–8. The attorneys' rates are within the range of reasonable hourly rates for similarly experienced attorneys, *see Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553, 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"); *Guinea*, 2020 WL 136643 at *4-5 (E.D.N.Y. Jan. 11, 2020) (approving a similar fee application by Pelton Graham). These rates, and the 25.07 hours of work reasonably spent on this case, yield a lodestar of $8,289.22. Doc. 12 ex. B, ex. 1 at 9. Costs total $1,436.30. Doc. 12 ex. B, ex. 2.

The lodestar of $8,289.22, compared to the requested $9,521.14 of the settlement net of costs, results in a lodestar multiplier (net of costs) of approximately 1.15. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.15 and determines $9,521.14 in attorneys' fees to be reasonable under the circumstances. The requested costs of $1,436.30 are also reasonable.

## IV.   AGREEMENT PROVISIONS

With respect to Richardson's obligations under the settlement agreement, his release is appropriately limited to "wage-related claims" that arose before the date of his signature. Doc. 12 ex. A § 2(a); *see Nights of Cabiria*, 96 F. Supp. 3d at 177–81. Additionally, the Court finds reasonable a mutual non-disparagement provision that allows for the parties to make truthful

statements regarding the litigation.  Doc. 12 ex. A § 7; *see Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15 Civ. 2588 (AMD) (LB), 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016) (approving a reciprocal non-disparagement clause containing a carve-out for truthful statements about the litigation).

## V.     CONCLUSIONS

For the reasons described in *supra* Part II, the parties' request for approval of the settlement is DENIED without prejudice.  The parties may proceed in one of the following ways, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 605 (2d Cir. 2020):

- File a revised application for approval of the settlement agreement on or before October 9, 2020, that includes documentation of damages calculations;
- File a joint letter on or before October 9, 2020, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference; or
- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law.  See *Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 12.

It is SO ORDERED.

Dated:   October 2, 2020
         New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.