UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINTON RICHARDSON, *individually and on
behalf of others similarly situated*,

Plaintiff,

– against –

ATLAS BUILDERS LLC, ALEXANDER
ALEXANDROV, and MIKHAIL A. YUSIM,
*jointly and severally*,

Defendants.

**ORDER**

20 Civ. 5756 (ER)

Ramos, D.J.:

On October 1, 2020, the parties submitted an application to the Court to approve their
Agreement settling unpaid overtime claims brought under the Fair Labor Standards Act
("FLSA") and New York Labor Law ("NYLL"), as well as claims under the NYLL's wage
statement requirements.  Doc. 12.

On October 2, 2020, the Court rejected the parties' application without prejudice.  Doc.
13.  The court found that the parties had submitted insufficient evidence to support their damages
calculations and illustrate the possible range of recovery, as required by *Cheeks v. Freeport
Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  *Id.* at 3.  However, the court found that if the
parties ultimately showed that the settlement amount was reasonable, the Court would find that
the proposed attorney's fees were reasonable as well.  *Id.* at 3–5.  The court also found that the
release language, which included a non-disparagement provision allowing for the parties to make
truthful statements regarding the litigation, was reasonable.  *Id.* at 4–5.

In response to the Court's order, the parties submitted a renewed application on October
9, 2020.  Doc. 14.  The renewed application included a spreadsheet demonstrating the parties'

calculations of the damages at issue. Doc. 15-2.

The spreadsheet shows that the parties arrived at an unpaid wage damages figure of $6,405 through consideration of Plaintiff's unpaid hourly wage and overtime figures (taking into account each of his different hourly rates), based on Plaintiff's best recollection of his hours worked.  *Id.* at 15-2; *see also* Doc. 14 at 2–3.  It also shows that he received $6,405 in liquidated damages under the FLSA and NYLL, and amounts of $5,000 in both statutory wage notice and wage statement damages.[1]  Doc. 15-2.  Finally, the spreadsheet shows $1,719.08 in statutory interest on his NYLL claims at 9% per annum of $1,719.08.  *Id.*

The Court find that this spreadsheet provides sufficient evidence of how the parties arrived at their total wage damages figure of $24,529.08.  *See Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action when plaintiff's attorney had "created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages"). Moreover, the Court finds that in light of this figure and the litigation risk involved for the parties, the proposed settlement amount of $30,000 is reasonable.

Accordingly, the Court finds that the revised Agreement complies with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and approves the revised Agreement.

---

[1] The parties only include liquidated damages under one of the statutes in their spreadsheet.  *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (prohibiting double recovery of liquidated damages under both statues for the same course of conduct).

The Court hereby dismisses the case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:    October 26, 2020
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.